IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ONWARD HOLDINGS, LLC**,<br><br>     Plaintiff,<br>v.<br><br>**PRIME CAPITAL VENTURES, LLC**, and **KRIS ROGLIERI**,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING AMENDED MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:23-CV-00833-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

  In September 2022, Plaintiff Onward Holdings, LLC ("Onward") transferred $13.8 million to Defendant Prime Capital Ventures, LLC ("Prime") in exchange for Prime's agreement to fund a business expansion line of credit in the amount of $107 million. Defendant Kris Roglieri ("Mr. Roglieri"), Prime's sole member, misrepresented both Prime's ability to fund the line of credit and how Prime would deposit and use Onward's funds. The line of credit agreement was terminated after Prime failed to make its first advance. As a result, Prime incurred a $10 million liability to Onward. Prime partially repaid this obligation through two transfers but left $4 million unrepaid.

  On November 13, 2023, Onward filed its Complaint against Prime and Mr. Roglieri to recover the remaining $4 million that it was owed. ECF No. 2. The following day, Prime repaid an additional $1 million of its debt to Onward, reducing its liability to $3 million. Defendants thereafter failed to answer the Complaint. The court entered a default against both Defendants on December 26, 2023, and Onward subsequently filed a motion for the entry of default judgment against Mr. Roglieri in the amount of $3 million, alleging that Prime was Mr. Roglieri's alter ego. ECF No. 13. On January 18, 2024, Onward filed an amended motion for default judgment,

submitting that there is no just reason for delay in the entry of a final judgment against Mr. Roglieri despite the recent filing of an involuntary bankruptcy petition against Prime in the United States Bankruptcy Court for the Northern District of New York. ECF No. 15.

In evaluating a motion for default judgment, the court accepts the Complaint's well-pled factual allegations as true. *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022). "[E]ntry of a default judgment is committed to the sound discretion of the district court . . . ." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016); *accord* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022) ("[T]he district judge is required to exercise sound judicial discretion in determining whether [a default] judgment should be entered.").

The well-pled facts in the Complaint (ECF No. 2) establish that Prime is liable for breaching its obligation to pay Onward $10 million, of which it still owes $3 million. The Complaint also asserts an alter ego claim for this liability against Mr. Roglieri. Thus, due to their default, Defendants Prime and Roglieri are jointly liable to Onward for $3 million.

For the foregoing reasons, the court **GRANTS** Plaintiff's Amended Motion for Default Judgment (ECF No. 15). The court will enter a judgment against Mr. Roglieri in the amount of $3,000,000.00. Interest shall accrue on this Judgment as provided in 28 U.S.C. § 1961. Plaintiff's original Motion for Default Judgment (ECF No. 13) is **DENIED** as moot.

Signed February 2, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge