IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ONWARD HOLDING**,<br><br>             Plaintiff,<br>v.<br><br>**PRIME CAPITAL VENTURES** and **KRIS ROGLIERI**,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR AN ORDER AUTHORIZING REGISTRATION OF JUDGMENT IN PART**<br><br>Case No. 2:23-CV-00833-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

On February 6, 2024, the court granted Plaintiff's Amended Motion for Default Judgment as to Defendant Kris Roglieri ("Mr. Roglieri"). ECF No. 16. After the court entered judgment, Plaintiff filed a motion asking the court to authorize Plaintiff to immediately register the $3,000,000 judgment entered against Mr. Roglieri in any federal district court of the state of New York. ECF No. 20. For the reasons stated herein, Plaintiff's motion is **GRANTED in part.**

**BACKGROUND**

Recently, this court granted Plaintiff's Amended Motion for Default Judgment against Kris Roglieri (ECF No. 16). The court subsequently entered judgment against Mr. Roglieri in the amount of $3,000,000. ECF No. 18. The court found—based on Plaintiff's representations—that there was no just reason for delay in the entry of final judgment against one, but fewer than all, defendants. *Id.* at 2 (citing Fed. R. Civ. P. 54(b)). The following day, Plaintiff filed a motion for entry of default as to the second defendant, Prime Capital Ventures, LLC ("Prime"). *See* ECF No. 19. In its motion, Plaintiff informed the court that Prime's involuntary bankruptcy proceeding had been dismissed on January 9, 2024, thereby terminating the protection of an automatic stay of default proceedings. *Id.* at 2.

As Plaintiff's counsel is undoubtedly aware, "[b]y presenting to the court a pleading, written motion, or other paper[,]" as counsel did when filing Plaintiff's motion for default judgment against Mr. Roglieri, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3). Plaintiff's counsel appears to have violated this rule's clear dictate by making false or inadequately scrutinized representations in his filings. Given the attention that Plaintiff's counsel has clearly dedicated to this matter, it would strain credulity to believe that he was unaware that Prime's involuntary bankruptcy proceedings had been terminated over a week before Plaintiff filed its amended motion for default judgment as to Mr. Roglieri (ECF No. 15). Yet Plaintiff insisted that there was no just reason for delay in the entry of final judgment against fewer than all defendants. Moreover, in the three weeks between Plaintiff's filing of its amended motion for default judgment and this court's order granting that motion, Plaintiff's counsel appeared to repeatedly attempt to make inappropriate *ex parte* communications with court staff, urging that the motion for default judgment as to Mr. Roglieri be granted. Yet Plaintiff never found occasion to inform the court that there existed just reason to delay the entry of final judgment against fewer than all defendants because the involuntary bankruptcy proceeding had been dismissed and Plaintiff would soon seek entry of default against Prime.

Violations of Federal Rule of Civil Procedure 11(b) are sanctionable by motion or on the court's own initiative. Fed. R. Civ. P. 11(c)(2)–(3). The court declines—for now—to order Plaintiff's counsel to show cause why his conduct in this matter is not sanctionable as a result of potential violations of Rule 11(b). Instead, the court merely urges Plaintiff's counsel to more carefully watch his conduct to ensure compliance with Rule 11 and the broader ethical principles

encapsulated in the Rules of Professional Conduct. The court finds that a more substantive discussion of sanctions would be premature at this stage and therefore proceeds to address Plaintiff's Motion for an Order Authorizing Registration of Judgment (ECF No. 20).

**LEGAL STANDARD**

A judgment entered by this court may be registered by filing a certified copy of the judgment in another district when (a) "the judgment has become final by appeal or expiration of the time for appeal" or (b) "when ordered by the Court that entered the judgment for good cause shown[.]" 28 U.S.C. § 1963.[1] Courts have routinely found good cause to authorize a judgment's registration in another district when the movant shows "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Hafen v. Howell*, 2023 U.S. Dist. LEXIS 200268, at *3 (D. Utah Nov. 7, 2023) (quoting *Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 3 (D. Me. 2010)); *see also Republic Bank v. AMTEC Precision Prods., Inc.*, 2008 U.S. Dist. LEXIS 10317, at *3 (D. Utah Feb. 12, 2008) ("While the Tenth Circuit has not spoken regarding what constitutes good cause in this setting, other courts have stated that the 'good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment.'") (quoting *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993)).

**ANALYSIS**

Plaintiff offers two reasons why the court should authorize the registration of the default judgment as to Mr. Roglieri in another jurisdiction. First, Plaintiff conducted an asset search that

---

[1] Plaintiff argues that it is "*entitled* to such an order on a showing of good cause[.]" ECF No. 20, at 3. But the statute operates by discretion, not entitlement. *See, e.g., United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1234 (10th Cir. 2000) ("UIH sought execution of the judgment *after obtaining leave* from the court to register the judgment under 28 U.S.C. § 1963.") (emphasis added); *Holbrook v. Carlisle* (*In re Steel Reclamation Resources*), 1195 U.S. App. LEXIS 23750, at *7–8 (10th Cir. Aug. 21, 1995) (unpublished) (applying abuse of discretion standard when reviewing district court order authorizing the transfer a judgment between judicial districts).

revealed Mr. Roglieri owns several assets in the state of New York and none in the state of Utah.

Second, a hearing has been scheduled for February 15, 2024 in which another creditor will seek

injunctive relief and attachment against some of Mr. Roglieri's assets. Plaintiff insists that "it

would be unfair" for Plaintiff to be required to "wait to encumber Roglieri's assets, while a creditor

in New York, unimpeded by 28 U.S.C. § 1963, potentially obtains a prior lien against those assets."

ECF No. 20, at 6.

Plaintiff has adequately shown good cause to justify the registration of the judgment

entered against Mr. Roglieri in another district. Plaintiff conducted an asset search that revealed

that Mr. Roglieri owns no assets in this district but owns a number of assets in the state of New

York, including a number of properties located in the cities of Queensbury, Johnstown, Albany,

Troy, and Kingston. ECF No. 20, at 88. Each of these properties appears to lie within the Northern

District of New York. Plaintiff's showing of good cause is satisfied by the evidence demonstrating

that Mr. Roglieri owns no assets within this district but owns significant assets within the Northern

District of New York. *See Hafen*, 2023 U.S. Dist. LEXIS 200268, at *3 (quoting *Cianbro Corp.*,

749 F. Supp. 2d at 3); *see also* Republic Bank, 2008 U.S. Dist. LEXIS 10317, at *3 (quoting

*Schreiber*, 839 F. Supp. at 1162.

The court therefore authorizes registration of the judgment against Mr. Roglieri in the

Northern District of New York prior to the passage of 30 days from the date on which judgment

was entered. The remainder of Plaintiff's motion—which requests authorization to also register

the judgment against Mr. Roglieri in the Eastern, Southern, and Western Districts of New York—

is denied, Plaintiff having failed to demonstrate any good cause for such relief.

**ORDER**

For the reasons stated herein, Plaintiff's Motion (ECF No. 20) is **GRANTED** in part. Plaintiff may register the judgment against Mr. Roglieri in the United States District Court for the Northern District of New York.

Signed February 14, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge